*78 OPINION.
Littleton :
The evidence does not show that Shuttleworth, Keiller & Co., or any other corporation with which the petitioners claim they should have been .affiliated, in any way controlled the minority stock hereinbefore mentioned. In these circumstances we can not hold that Shuttleworth, Keiller & Co. owned and controlled substantially all of their stock. Appeal of Mather Paper Co., 3 B. T. A. 1.
The next question is the same as one of the issues involved in the Appeal of Mather Paper Co., supra, in which it was stated:
Under the provisions of section 273 of the Revenue Act) of 1924 it is the duty of the Commissioner to determine the deficiency upon the basis of the correct amount of tax, less the amount of tax shown by the taxpayer upon his return, with other adjustments not here in issue. Upon its return, this taxpayer, through the medium of the Shuttleworth Co., indicated an amount of tax shown to he due in the proportion of the net income returned by this taxpayer in the consolidated return to the total net income, exclusive of minus quantities. This amount the Commissioner has not credited in connection with the computation of the deficiency here in question. It should be credited in the determination of this deficiency. The return of the taxpayer filed as a part of the above consolidated return is in evidence and the proper computation can be made therefrom.
In the computation of the deficiencies against these petitioners they should be given credit for their proportional part of the tax shown due by the consolidated return hereinbefore mentioned.
As to the last issue, it appears that the present Commissioner of Internal Revenue did not overrule the determination made by his predecessor, since the former Commissioner made no determination as to the year 1920. Appeal of Mather Paper Co., supra. See Appeal of Canyon Lumber Co., 4 B. T. A. 940.

Judgment will be entered on 15 days’ notice, under Bule 60.